HOEVELER, Senior District Judge,
concurring:
I concur in the opinion of Judge Carnes. I do, however, question the manner in which we remand the case to the District Court. When qualified immunity is asserted as a defense, a court must first determine whether the violation of a constitutional right is asserted, then determine whether that right was clearly established (if not, then qualified immunity applies). “Deciding the constitutional question before addressing the qualified immunity question ... promotes clarity in the legal standards for official conduct.” Wilson v. Layne, 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (holding that the right violated was not clearly established at the time of the offense). Although the Supreme Court in Wilson did not address the application of qualified immunity, it affirmed the appellate court’s conclusion that qualified immunity was proper. Following the direction of the Supreme Court in Wil *1274 son we look first to determine if a constitutional violation has been alleged and, in this case, if there is any evidentiary basis, on a motion for summary judgment, for such a charge. We find that there is not.
Qualified immunity is invoked to protect the unwary — and, thus, essentially innocent — public servant who, in fact, has committed the violation. Immunity is unnecessary if he has not. Thus the District Court did not err in denying Parnell qualified immunity. The Court erred in not granting summary judgment for Parnell because of the absence of any issue on the question of a constitutional violation. This is what we have determined.
To suggest that qualified immunity protects Parnell, where we have determined that he committed no wrong, appears to be a non sequitur. When the District Judge addresses this case he will, of course, be faced with the dilemma of entering judgment for Parnell on the basis of qualified immunity where, clearly, it does not apply. I find no problem with simply remanding for the entry of judgment consistent with our findings. To do otherwise seems to further complicate an already complex body of law. I find no impediment in our simply remanding with directions consistent with our view; that our jurisdiction to entertain this appeal grows out of the denial óf a qualified immunity defense should not affect our right to fully dispose of the issues before us on appeal — consistent with applicable law. Indeed, we do so as to the Title IX claim.
Finally, if due to the interlocutory nature of this appeal we must be limited in our directions to the District Court, our directions should simply require action in conformity with our conclusions rather than entering an order which appears inappropriate after the findings of this court.